UNITED STATES DISTRICT COURT
NONTHERN DISTRICT OF OHIO
------------------------------------------------------------
                                             :
ARNOLD PAIGE,                                :      CASE NO. 1:05-CV-2618
                                             :
            Petitioner,                      :
                                             :
vs.                                          :      ORDER & OPINION
                                             :      [Resolving Doc. No. 21]
MARGARET BRADSHAW,                           :
Warden,                                      :
                                             :
            Respondent.                      :
                                             :
------------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Petitioner Arnold Paige ("Paige") moves the court for an order finding excusable neglect in his failure to timely file objections to the Magistrate's Report and Recommendation. [Doc. 21.] The Respondent has not opposed Petitioner's motion. For the following reasons, this Court **GRANTS** Petitioner's motion.

On November 8, 2005, Petitioner Paige filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. [Doc. 1.] With his petition, Paige challenged the constitutionality of his state court conviction on fifteen counts of rape with specifications, sixteen counts of kidnaping with specifications, twenty-four counts of unlawful sexual activity with a minor, and one count of gross sexual imposition with specification. *Id.* Petitioner was sentenced to an aggregate term of life imprisonment with no possibility for parole. In his petition, Petitioner Paige raised several grounds challenging the constitutionality of his conviction. *Id.*

This Court referred the case to Magistrate Judge Nancy Vecchiarelli for a Report and

Case No. 1:05-CV-2618
Gwin, J.

Recommendation. [Doc. 6.] On April 4, 2007, the Magistrate issued a Report and Recommendation that the petition should be denied. [Doc. 16.] No objections were filed at that time. On June 6, 2007, the Court adopted the Magistrate Judge's Report and Recommendation and denied the Petitioner's petition. [Doc. 18.]

On July 13, 2007, Petitioner, proceeding *pro se*, filed objections to the Report and Recommendation and moved the Court to find excusable neglect for his failure to file the objections in a timely manner. [Docs. 20, 21.] Petitioner claims that he deposited his objections to the Magistrate's Report and Recommendation in the prison mail system on April 12, 2007, only eight days after the report was issued. [Doc. 21.] Petitioner alleges that his filing did not reach the Court in a timely manner "due to factors out of his control." *Id.*

The Federal Magistrates Act requires a district court to conduct a de novo review only of those portions of a Report and Recommendation to which the parties have made an objection. 28 U.S.C. § 636(b)(1). Parties must file any objections to a Report and Recommendation within ten days of service. Failure to object within that time waives a party's right to appeal the magistrate judge's recommendation. FED. R. CIV. P. 72(a); *see Thomas v. Arn*, 474 U.S. 140, 145 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Absent objection, a district court may adopt the magistrate's report without review. *Thomas*, 474 U.S. at 149.

Rule 60(b)(1) of the Federal Rules of Civil Procedure, however, enables a court to relieve a party from a final judgment or order in cases of "mistake, inadvertance, surprise, or excusable neglect . . ." Fed. R. Civ. P. 60(b)(1). The legal standard for determining "excusable neglect" requires a court to balance five factors: (1) the danger of prejudice to the nonmoving party; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay; (4)

Case No. 1:05-CV-2618
Gwin, J.

whether the delay was within the reasonable control of the moving party; and, (5) whether the late-filing party acted in good faith. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993). *See also Nafziger v. McDermott Int'l, Inc.*, 467 F.3d 514, 522 (6th Cir. 2006) (Gilman, J.); *Allen v. Murph*, 194 F.3d 722, 723-24 (6th Cir. 1999).

Although the Petitioner has not made a strong showing of excusable neglect, the Court finds that the delay in filing objections was most likely outside of the control of the Petitioner. Petitioner claims that he placed his objections into the prison mail system eight days after the Magistrate's Report and Recommendation was issued on April 4, 2007 and that he did not learn until July that his objections were never filed with the Court. Petitioner Paige, under threat of perjury, has attested to his timely filing, both in his signed certificate of service and in his sworn affidavit. [Docs. 20, 21.] Assuming the above facts to be true, the delay in filing objections was outside of Petitioner's reasonable control. Petitioner would be prejudiced by a court order denying the late-filed objections.

The Court finds that the interests of justice are best served by an order finding excusable neglect for Petitioner's delay in filing objections to the Magistrate's Report and Recommendation. The Court **GRANTS** Petitioner's motion for excusable neglect and will treat the Petitioner's objections as timely filed.

IT IS SO ORDERED.

Dated: November 3, 2007   s/ *James S. Gwin*
  JAMES S. GWIN
  UNITED STATES DISTRICT JUDGE