UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------
:
ARNOLD PAIGE,                              :     CASE NO. 1:05-CV-2618
                                           :
        Petitioner,                        :
                                           :
vs.                                        :     AMENDED ORDER & OPINION
                                           :     [Resolving Docs. No. 1, 16, 20, 23, 26]
MARGARET BRADSHAW,                         :
Warden,                                    :
                                           :
        Respondent.                        :
                                           :
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

On November 8, 2005, Petitioner Arnold Paige ("Paige") filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. [Doc. 1.] This Court referred the § 2254 petition to Magistrate Judge Nancy Vecchiarelli for a Report and Recommendation on January 3, 2006. [Doc. 6.] Both parties filed briefs on the merits. [Docs. 8, 9, 10, 11.] On April 4, 2007, the Magistrate issued a Report and Recommendation that the petition should be denied. [Doc. 16.] No objections were filed at that time. On June 6, 2007, the Court adopted the Magistrate's report and denied the Petitioner's petition. [Doc. 18.] On July 13, 2007, Petitioner filed objections to the Report and Recommendation and moved the Court to find excusable neglect for his failure to file objections in a timely manner. [Docs. 20, 21.] The Court has granted this motion.

Presently before this Court are Petitioner's objections to the Magistrate's Report and

Case No. 1:05-CV-2618
Gwin, J.

Recommendation, his motion for a certificate of appealability, and his motion to proceed in forma pauperis on appeal. [Docs. 20, 23, 26.]

For the following reasons, the Court **ADOPTS** in whole Magistrate Judge Vecchiarelli's findings of fact and conclusions of law and incorporates them fully herein by reference. The Court thus **DENIES** Petitioner's habeas petition. The Court also **DENIES** Petitioner's motion for a certificate of appealability and motion for leave to proceed in forma pauperis.

## I. Facts and Procedural History

In 2003, the Cuyahoga County Grand Jury indicted Petitioner Arnold Paige on fifteen counts of rape with specifications, sixteen counts of kidnaping with specifications, twenty-four counts of unlawful sexual activity with a minor, and one count of gross sexual imposition with specification. *Id.* Petitioner pled not guilty to the indictment and the case proceeded to a jury trial. The Ohio Court of Appeals outlined the following facts regarding Petitioner's conviction:

> In 2003, Paige was charged with rape of a child under age thirteen, kidnaping, gross sexual imposition, and unlawful sexual conduct with a minor. The matter proceeded to a jury trial, where the following evidence was presented.
>
> Paige is the victim's grandfather. The victim testified that the sexual abuse began in 2000 at age eleven, when she fell asleep on the floor at Paige's house. She awoke when she felt Paige's hands moving against her thighs, breasts, and vaginal area. The victim testified that after this incident he continued to touch her inappropriately and frequently engaged in sexual intercourse with her. She testified that in exchange for sex, he would give her gifts or money. The victim testified that the abuse lasted until a week before her fifteenth birthday.
>
> Prior to September 2003, the victim experienced burning and itching in her vaginal area. Paige, although not a medical doctor, "examined" the area. The victim testified that she once saw her grandfather give her aunt a "vaginal exam," thus she allowed him to examine her. She testified that during the "exam" Paige used his fingers to touch her vaginal area.

Case No. 1:05-CV-2618
Gwin, J.

> In September 2003, the victim had her annual physical when it was discovered that she had Trichomonas, a sexually transmitted disease. She told her doctor that she thought she contracted the disease when her grandfather "examined" her. Paige denied sexually abusing the victim. He admitted that he "examined" her vaginal area. His statement to Children and Family Services revealed that he did not derive any sexual gratification from the "examination." However, he stated that he did not tell the victim's mother about the "exam" because he "just didn't think about telling her."
>
> Two of Paige's daughters testified that he sexually abused them when they were the victim's age and that they contracted a sexually transmitted disease at that time. Detective James McPike of the Cleveland Police Department testified that reports similar to the victim's were filed against Paige in 1987. The jury found Paige guilty of all charges. The trial court sentenced him to life in prison and found him to be a sexually violent predator.

[Doc. 8.]

Petitioner, represented by counsel, appealed his conviction to the Eighth District Court of Appeals for Cuyahoga County. In his appeal, Petitioner presented two assignments of error: (1) the trial court erred when it admitted "irrelevant and unfairly prejudicial other acts testimony," and (2) the defendant was denied effective assistance of counsel because his attorney failed to "properly introduce exculpatory medical reports" and did not "properly adduce testimony from an important defense witness." The appellate court affirmed the trial court's judgment on January 3, 2005.

On February 28, 2005, Petitioner filed a motion for delayed appeal and a notice of appeal with the Supreme Court of Ohio. The Ohio Supreme Court granted Paige's motion for delayed appeal. Petitioner, represented by counsel, filed a memorandum in support of jurisdiction. In that memorandum, Petitioner raised the following proposition of law:

> In this child sexual abuse case, the trial court committed reversible error and deprived Appellant of his rights to due process and a fair trial as guaranteed by the

Case No. 1:05-CV-2618
Gwin, J.

> Ohio Constitution, Art. 1, § 10, and the Fourteenth Amendment to the U.S. Constitution by permitting the State to introduce graphic and highly inflammatory "other acts" testimony from Appellant's two daughters (one of whom was the complaining witness's own mother) that, 15 to 27 years earlier, Appellant had subjected them to various forms of sexual abuse and given them sexually transmitted diseases.

[Doc. 8.] The Supreme Court of Ohio denied leave to appeal and dismissed the appeal because it did not involve any substantial constitutional question on September 7, 2005.

On November 8, 2005, Petitioner Arnold Paige filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. [Doc. 1.] In his petition, Petitioner Paige raised three grounds challenging the constitutionality of his conviction: (1) the state's introduction of "other acts" testimony violated Petitioner's due process rights; (2) Petitioner was denied effective assistance of counsel because his lawyer failed to introduce exculpatory evidence; and (3) the trial court improperly sentenced the Petitioner. *Id.*

## II. Legal Standard

The Federal Magistrates Act requires a district court to conduct a de novo review only of those portions of a Report and Recommendation to which the parties have made an objection. 28 U.S.C. § 636(b)(1). Petitioner has specifically objected to the Magistrate's findings on Grounds One and Two of his § 2254 petition, but has conceded that he procedurally defaulted Ground Three and waives his right to federal habeas review on that issue. [Doc. 20.]

In Ground One, Petitioner objects to the Magistrate's finding that the state court ruling on the other acts evidence was not contrary to, and did not involve an unreasonable application of, clearly established federal law. In Ground Two, Petitioner admits that he procedurally defaulted his

Case No. 1:05-CV-2618
Gwin, J.

ineffective assistance of counsel claim, but argues that cause exists to excuse his default. This Court will review de novo Defendant's objections on both grounds.

### III. Discussion

*A. State Court Evidentiary Ruling Objection*

Petitioner Paige alleges that the state trial court allowed inadmissible propensity evidence in the form of highly prejudicial prior bad acts evidence, and that this error denied him a fundamentally fair trial. Petitioner claims that the trial court improperly admitted evidence of decades-old uncharged sexual offenses against minors to prove his propensity to commit the crimes for which he was charged. As described, the state offered "other acts" evidence from two of Paige's daughters who testified that he sexually abused them when they were the victim's age and that they contracted a sexually transmitted disease at that time. The Eighth Appellate District for Cuyahoga County affirmed the trial court's decision to admit the prior bad acts evidence. The appellate court concluded, based on its own precedent, that the testimony of Petitioner's adult daughters was admissible as evidence establishing a "pattern of conduct" on the part of the Petitioner. The Ohio Supreme Court dismissed the appeal on the grounds that it did not involve a substantial constitutional question.

Petitioner argues that the trial court's decision to admit the prior bad acts evidence directly conflicts with the holdings of the Supreme Court of Ohio. The state appellate court held that the testimony was admissible because it demonstrated a "pattern of conduct" of sexual misconduct by the Petitioner and it did not unfairly prejudice him. The Ohio Supreme Court, however, has held that such "scheme, plan, or system" evidence is relevant only where the prior bad acts evidence

Case No. 1:05-CV-2618
Gwin, J.

forms "part of the immediate background" of the alleged crimes or where the identity of the offender is at issue. *See State v. Eubank,* 398 N.E.2d 567, 569 (Ohio 1979); *State v. Curry,* 330 N.E.2d 720, 725-26 (Ohio 1975). In *Eubank*, the Ohio Supreme Court held that testimony that the accused committed similar sexual offenses against other children "was not properly admitted to prove the defendant's scheme, plan or system in committing the crime charged" because the offender's identity was not an issue. *Eubank,* 398 N.E.2d at 569. Neither of these two exceptions applied in Petitioner's case because the identity of the perpetrator was not an issue and the prior bad acts were not part of the "immediate background" of the charged offenses because they occurred several decades ago.

Therefore, under Ohio law, the uncharged sexual misconduct testified to by Petitioner's adult daughters seems to be inadmissible. Unfortunately for Petitioner, however, this federal habeas court may not provide relief for errors of state law.

The Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (1996) ("AEDPA"), governs the standards of federal review for state court decisions. Under AEDPA, federal courts cannot grant a habeas petition for any claim that the state court adjudicated on the merits unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d).

The United States Supreme Court outlined the proper application of § 2254(d) in *Williams v. Taylor*, 529 U.S. 362 (2000). The Court held that to justify a grant of habeas relief under the

-6-

Case No. 1:05-CV-2618
Gwin, J.

"contrary to" clause, a federal habeas court must find a violation of law clearly established by holdings of the Supreme Court, as opposed to its dicta, at the time of the relevant state court decision. *Williams,* 529 U.S. at 365. Under the "unreasonable application" clause, a court may grant a habeas writ if the state court identifies the correct Supreme Court governing legal principle but unreasonably applies the rule to the facts of the specific case. *Id.* Under AEDPA, "if there is *no* 'clearly established Federal law, as determined by the Supreme Court,' that supports a habeas petitioner's legal argument, the argument must fail." *Miskel v. Karnes*, 397 F.3d 446, 453 (6th Cir. 2005) (quoting 28 U.S.C. § 2254(d)(2)).

Federal habeas courts, therefore, may not provide relief to petitioners based on errors of state law. *Estelle v. McGuire,* 502 U.S. 62, 67-68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."). In evaluating state court evidentiary rulings, a federal court may only grant habeas relief if the ruling is "so egregious that it results in a denial of fundamental fairness" and violates due process rights. *Bugh v. Mitchell,* 329 F.3d 496, 512 (6th Cir. 2003). State court evidentiary rulings are not generally found to violate due process unless they offend "some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental." *Seymour v. Walker,* 224 F.3d 542, 552 (6th Cir. 2000) (internal citations omitted).

Under Sixth Circuit precedent that this Court must follow, the state trial court's decision to admit prior bad acts evidence did not deny Petitioner Paige fundamental fairness at trial and is not contrary to clearly established federal law. The Sixth Circuit has explicitly stated, "There is no clearly established Supreme Court precedent which holds that a state violates due process by

-7-

Case No. 1:05-CV-2618
Gwin, J.

permitting propensity evidence in the form of other bad acts evidence." *Bugh,* 329 F.3d 496, 512 (6th Cir. 2003). *See also Hirsch v. Brigano,* 74 Fed. Appx. 486, 489 (6th Cir. 2003); *Caswell v. Vasbinder,* 2007 WL 836664, at *3 (E.D. Mich. 2007).

In *Bugh*, a similar case to the present matter, the petitioner filed a habeas petition in federal court alleging, among other claims, that the Ohio trial court admitted evidence of similar, uncharged acts of child molestation in violation of his constitutional right to due process. The Sixth Circuit noted that the federal district court "could not provide habeas relief even if the prior acts testimony was admitted in violation of Ohio law." *Bugh v. Mitchell,* 329 F.3d 496, 512 (6th Cir. 2003), *cert. denied*, 540 U.S. 930 (2003). The Sixth Circuit held that there was no clearly established federal law "contrary to" the trial court's decision. The Circuit based its reasoning on the Supreme Court's decision in *Estelle*. In a footnote in that case, the Supreme Court declined to address the issue of "whether a state law would violate the Due Process Clause if it permitted the use of 'prior crimes' evidence to show propensity to commit a charged crime." *Estelle,* 502 U.S. at 75 n.5. The Sixth Circuit explained that the Supreme Court's decision to leave the issue unresolved means that federal habeas courts may not conclude that state trial court decisions admitting other acts evidence to prove propensity are contrary to, or involve objectively unreasonable applications of, clearly established federal law. *Bugh,* 329 F.3d at 512-13.

This Court, therefore, must dismiss Ground One of the habeas petition because the state trial court's evidentiary ruling does not violate clearly established federal law.

### B. Ineffective Assistance of Counsel Objection

Petitioner Paige also raises an ineffective assistance of trial counsel claim in his habeas

Case No. 1:05-CV-2618
Gwin, J.

petition. Magistrate Vecchiarelli found that Petitioner procedurally defaulted this claim because he did not present the issue to the Supreme Court of Ohio on direct appeal. Petitioner concedes that he did not raise the claim to the state supreme court, but argues that cause exists for his default.

A federal habeas court may not hear issues that the petitioner could have raised in the state court but failed to do so due to procedural default. *See Wainwright v. Sykes*, 433 U.S. 72 (1977). In deciding whether the petitioner procedurally defaulted a claim, the Court applies four criteria: (1) whether there is a state procedural rule that is applicable to the petitioner's claim; (2) whether the petitioner failed to comply with that rule; (3) whether the procedural rule was actually enforced in the petitioner's case; and (4) whether the state procedural forfeiture is an adequate and independent state ground on which the state can rely to foreclose review of a federal constitutional claim. *See Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986). The Court will excuse procedural default if the petitioner demonstrates good cause for the default and prejudice resulting therefrom, or where failure to consider the claim would result in a fundamental miscarriage of justice. *See Wainwright*, 433 U.S. at 87; *Combs v. Coyle,* 205 F.3d 269, 274 (6th Cir.2000). The prejudice must have worked to the petitioner's "actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *U.S. v. Frady*, 456 U.S. 152, 170 (1982).

A federal habeas court is generally precluded from hearing issues that could have been raised in state court, but were not, and, consequently, can no longer be brought before a state court due to procedural default or waiver. *Wainright,* 433 U.S. at 90-91; *Gray v. Netherland,* 518 U.S. 152, 162 (1996). *See also Rust v. Zent*, 17 F.3d 155, 160-61 (6th Cir. 1994). The Sixth Circuit has stated:

> [If] a habeas petitioner fails to obtain consideration of a claim by a state court, either

-9-

Case No. 1:05-CV-2618
Gwin, J.

> due to the petitioner's failure to raise that claim before the state courts while state-court remedies are still available or due to a state procedural rule that prevents the state courts from reaching the merits of the petitioner's claim, that claim is procedurally defaulted and may not be considered by the federal court on habeas review.

*Seymour v. Walker,* 224 F.3d 542, 549-50 (6th Cir. 2000).

Petitioner's claim of ineffective assistance of trial counsel, which he failed to present to the Ohio Supreme Court on direct appeal, would be procedurally barred from submission to Ohio courts under the doctrine of res judicata. *Norris v. Schotten,* 146 F.3d 314, 332 (6th Cir. 1998). The doctrine of res judicata applies to constitutional claims that could have been raised on direct appeal, but were not. *Id.* For federal habeas purposes, "a petitioner is considered to have waived the claims . . . 'unless he can demonstrate cause for the procedural default and actual prejudice resulting from the alleged constitutional error.'" *Id.* at 322 (quoting *Rust,* 17 F.3d at 160).

Petitioner asserts that cause does exist for his failure to raise the ineffective assistance of trial counsel claim on direct appeal. He argues that he prepared a list of issues that he wanted his appellate counsel to present to the state supreme court, but counsel failed to do so. *Id.* Petitioner asserts that his ineffective assistance of trial counsel claim was procedurally defaulted at the state supreme court level due to the ineffective assistance of his appellate counsel.

Ineffective assistance of appellate counsel may be sufficient cause for failure to raise an ineffective assistance of counsel claim. *Howard v. Bouchard,* 405 F.3d 459, 478 (6th Cir. 2005). However, the ineffective assistance of appellate counsel claim must "be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default." *Murray v. Carrier*, 477 U.S. 478, 489 (1986). Petitioner Paige failed to raise the ineffective assistance of

Case No. 1:05-CV-2618
Gwin, J.

appellate counsel claim to the state courts and, thus, the claim cannot be used to establish cause for Petitioner's procedural default.

Even if Petitioner had not procedurally defaulted this claim, however, the Court finds that the ineffective assistance of trial counsel claim fails under the test enunciated in *Strickland v. Washington,* 466 U.S. 668 (1984). In analyzing whether Petitioner's trial counsel was constitutionally ineffective at trial in failing to present "exculpatory" medical records and in failing to adduce favorable testimony from a defense witness, this Court finds that the claim fails on the second prong of *Strickland*. *See id.* at 697 (noting that courts need not address both components of the inquiry "if the defendant makes an insufficient showing on one"). The second prong of the *Strickland* test requires Petitioner to "show there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine the confidence in the outcome." *Id.*

In any event, this Court finds that no prejudice resulted from trial counsel's failure to admit the "exculpatory" medical records or to properly adduce beneficial testimony from a defense witness. Petitioner claims that the medical records prove that he does not share the same sexually transmitted disease as the victim, and, therefore, indicate his innocence. As the Ohio Court of Appeals noted, however, Petitioner's trial counsel attempted to admit the medical records, but they were denied by the trial court for several reasons, including irrelevance because the records do not indicate whether any lab work was actually conducted. [Doc. 8.] Furthermore, the same medical records may have prejudiced the Petitioner because the records noted that Paige went to the doctor because his "sexual partner" had a sexually transmitted disease, the same disease the victim suffered.

-11-

Case No. 1:05-CV-2618
Gwin, J.

Petitioner also vaguely argues that his trial counsel should have been more effective in cross-examining one of his granddaughters, who allegedly had a conversation with the victim in which the victim admitted she was engaging in sexual relations with another older man, not the Petitioner. The trial court, however, denied the testimony because it was hearsay. It is unclear from the record how this testimony would have affected the credibility of the witness or the victim. In any event, trial counsel's failure to elicit this testimony does not rise to the level of prejudice required under *Strickland*. Therefore, even if the ineffective assistance of trial counsel claim was not procedurally defaulted, this Court finds that the claim has no merit.

### IV. Conclusion

For the above reasons, the Court **ADOPTS** the Magistrate's Report and Recommendation and **DENIES** Petitioner's habeas petition. Accordingly, this action is dismissed.

Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith and no basis exists upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). Therefore, the Court **DENIES** Petitioner's motion for a certificate of appealability and his motion to proceed in forma pauperis on appeal.

IT IS SO ORDERED.


Dated: November 3, 2007               s/      *James S. Gwin*
                                      JAMES S. GWIN
                                      UNITED STATES DISTRICT JUDGE